Tammy Hussin (SBN: 155290)
HUSSIN LAW
1302 N. Coast Highway 101, Suite 201
Encinitas, CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorney for Plaintiffs, Regina Martinez, Anthony Ercolani, Robert Schwartz, Sarah Schwartz, and Kevin Pine

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| REGINA MARTINEZ, ANTHONY ERCOLANI, ROBERT SCHWARTZ, SARAH SCHWARTZ, and KEVIN PINE<br><br>Plaintiffs,<br>v.<br>SIRIUS XM RADIO, INC.; DOES 1-10,<br>Defendants.<br>_____<br>SIRIUS XM RADIO INC.<br><br>Third-Party Plaintiff,<br>v.<br><br>DIAL AMERICA MARKETING, INC., JNET COMMUICATIONS LLC, d/b/a/ SERVICOM LLC, THE RESULTS COMPANIES LLC, CARRER HORIZONS, INC., d/b/a TELESERVICES DIRECT, and SYKES ENTERPRISES, INC.,<br><br>Third-Party –Defendants | **Case No.: 8:17-cv-00205**<br><br>**PLAINTIFFS' NOTICE OF DIRECTLY RELATED CASES**<br><br>**LOCAL RULE 83-1.4.1** |

1

Plaintiffs, by and through their undersigned counsel of record, hereby notify the Court and all opposing parties pursuant to Civil Local Rule 83-1.4 that the above-captioned case involves the identical subject matter, same defendant, and same Defendant's counsel as actions currently pending in other federal district courts.

Plaintiffs assert each of the following actions are directly related to this Action:

1. ***Hooker v. Sirius XM Radio, Inc.*,**
   No. 4:13-cv-00003-AWA-LRL (ED, Va) (the "*Hooker* Action").
   <u>Attorneys for Sirius:</u>
   John A. Vogt
   JONES DAY
   3161 Michelson Drive
   Suite 800
   Irvine, CA 92612.4408
   Telephone: +1.949.851.3939

   Thomas Demitrack
   JONES DAY
   North Point
   901 Lakeside Avenue
   Cleveland, Ohio 44114
   Telephone: (216) 586-3939

   Lee A. Armstrong
   Allison L. Waks
   JONES DAY
   250 Vesey Street
   New York, NY 10281-1047
   Telephone: (212) 326-3939

2

2. ***Knutson v. Sirius XM Radio Inc.*,**
No. 12-cv-0418-AJB-DHB (S.D. Cal.)
<u>Attorneys for Sirius:</u>
Chad Samuel Hummel
Sidley Austin LLP
1999 Avenue of the Stars
17th Floor
Los Angeles, CA 90067
310-595-9505

Eric Blaine Schwartz
Amy Pesapane Lally
Sidley Austin LLP
555 West 5th Street
40th Floor
Los Angeles, CA 90013
(213)896-6000

Rebecca J. Wahlquist
Snell & Wilmer L.L.P.
350 S. Grand Avenue
Suite 2600
Los Angeles, CA 90071
213-929-2500

3. ***Elikman v. Sirius XM Radio Inc.*,**
No. 11:15-cv-02093 (N.D. Ill.)

<u>Attorneys for Sirius:</u>
Elizabeth E. Manning
Paula W. Render
Jones Day
77 W. Wacker
Chicago, IL 60601
312- 269-4396

4. ***Parker v. Sirius XM Radio Inc.***
No. 8:15-cv-01710-JSM-EAJ (M.D. Fla.)

<u>Attorneys for Sirius:</u>
Lee Alan Armstrong
Jones Day
250 Vesey Street
New York, NY 10281-1047
212-326-3939

Thomas Demitrack
Jones Day
North Point
901 Lakeside Ave
Cleveland, OH 44114-1190
216-586-7141

Paul C. Huck, Jr.
Jones Day
Brickwell World Plaza
600 Brickell Ave Ste 3300
Miami, FL 33131-3072
305-714-9727

## **FACTUAL BASIS FOR RELATION TO THIS ACTION**

The above referenced related cases are all class actions against Sirius based on violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") (said related cases shall be collectively referred to as the "Sirius TCPA Class Actions"). After the Panel on Multidistrict Litigation declined to consolidate the Sirius TCPA Class Actions, the parties agreed to combine their efforts and ultimately settled all of the class actions within the confines of the *Hooker* Action. Each of the Sirius TCPA Class Actions involves the same claim, namely each of the plaintiffs received automated calls without their consent from Sirius after they had purchased or leased a new vehicle. Sirius had obtained the telephone numbers of

plaintiffs and millions of other consumers from car dealerships, and manufactures and not from the consumers themselves. Thereafter, Sirius proceeded to bombard those consumers with automated telemarketing calls without their consent in violation of the TCPA.

Plaintiffs here were each identified as members of the Sirius TCPA Class Action settlement. Like the millions of Sirius TCPA Class Action class members, Plaintiffs here each received illegal telemarketing calls from Sirius after they had purchased or leased a new vehicle. Like the Sirius TCPA Class Actions members, none of the Plaintiffs in the instant case provided their cellular telephone numbers to Sirius or otherwise requested to be contacted by Sirius.

Both the Sirius TCPA Class Actions and the instant case call for a determination of identical questions of law and fact, and issues that are sure to arise here have already been adjudicated in the Sirius TCPA Class Actions. In fact, defendants here have indicated their intent to file a Motion to Stay this case pending the outcome of the various appeals challenging the Federal Communications Commission's (FCC) July 10, 2015. Yet the judge in the *Hooker* Action already denied a Motion to Stay based on the identical calls that are at issue in this case. *See*, Order Denying Motion to Stay Pending the D.C. Circuit's Review of the FCC's 2015 Order. The Hooker Action, supra, Document No. 136, Sept. 25, 2015.

Based upon the foregoing, Plaintiffs request this Court to relate the instant case to the Sirius TCPA Class Actions. Plaintiffs believe that relating the cases will promote access to discovery already had in the Sirius TCPA Class Actions. This discovery includes, inter alia, Sirius' internal communications with its vendors regarding telemarketing practices, deposition transcripts, expert reports, and written discovery responses, all of which was already completed in the Sirius TCPA Class Actions. Relating these cases will serve judicial efficiency by obviating duplicative resolution of parallel discovery production and discovery disputes, and preclude the

1 | Parties' pointless repetition of identical discovery and arguments already had in
2 | various other federal District Courts.
3
4 | DATED: June 9, 2017          TAMMY HUSSIN
By: <u>*/s/ Tammy Hussin*</u>
5 | Tammy Hussin, Esq.
Hussin Law
6