UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00205 AG (KESx) | Date | August 28, 2017 |
|---|---|---|---|
| Title | REGINA MARTINEZ ET AL. v. SIRIUS XM RADIO, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:    [IN CHAMBERS] ORDER DENYING MOTION TO STAY**

Regina Martinez, Kevin Pine, Anthony Ercolani, Robert Schwartz, and Sarah Schwartz filed this lawsuit against Sirius XM Radio, Inc., alleging violations of the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. According to the complaint, Sirius XM provided each of the plaintiffs with a few months of free satellite radio when they bought or leased a new car. (Compl., Dkt. No. 1 at 4.) The plaintiffs further allege that Sirius XM obtained their cellphone numbers from various car dealerships, and then "began autodialing each of them in an attempt to convert their free service into a paid Sirius subscription." (*Id.*) Sirius XM denies making any of the calls itself, and has filed a third-party complaint seeking indemnification from various telemarketers. (Third-Party Compl., Dkt. No. 21 at 2–4.)

Now, Third-Party Defendants Career Horizons, Inc. and Sykes Enterprises, Inc. move to stay all proceedings in this case pending the D.C. Circuit's decision in *ACA International v. FCC*, Case No. 15-1211. For the reasons that follow, the Court DENIES the motion to stay. (Dkt. Nos. 59, 73.)

**1. BACKGROUND**

Congress passed the TCPA after receiving "[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes." *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370–71 (2012). Although consumer protection

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00205 AG (KESx) | Date | August 28, 2017 |
|---|---|---|---|
| Title | REGINA MARTINEZ ET AL. v. SIRIUS XM RADIO, INC. ET AL. | | |

initiatives are ordinarily the province of state lawmakers, "Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Id.* at 371. As currently drafted, the TCPA prohibits any person from "mak[ing] any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a paging service [or] cellular telephone service," unless the call is "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). Congress delegated authority to the Federal Communications Commission to "prescribe regulations to implement the requirements" of the TCPA, *see id.* § 227(b)(2), and authorized the states to "bring [civil] actions on behalf of their residents," *see id.* § 227(g)(1). But the TCPA also creates a private right of action—if successful, individual plaintiffs can recover their "actual monetary loss," "$500 in damages" for each violation, or in some cases treble damages. *Id.* § 227(b)(3).

This case concerns the definition of an "autodailer." Under 47 U.S.C. § 227(a)(1), the term "automatic telephone dialing system" means "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator" and "to dial such numbers." But in July 2015, the FCC issued a somewhat controversial interpretation of that definition. *See In the Matter of Rules & Regulations Implementing the TCPA*, 30 F.C.C. Rcd. 7961 (2015). The Commission concluded that "Congress intended a broad definition of autodialer" and, further, that "autodialers need only have the 'capacity' to dial random and sequential numbers, rather than the 'present ability' to do so." *Id.* at 7974. On a petition for review of agency action, the D.C. Circuit is now considering the propriety of the FCC's declaratory ruling. *See ACA International v. FCC*, Case No. 15-1211 (D.C. Cir.). One of the primary questions presented in that case is whether the Commission erred in concluding that the term "capacity" isn't limited to *present* ability, but also extends to *potential* ability to dial random or sequential numbers. The case has been fully briefed, the D.C. Circuit held oral argument in October 2016, and the parties are now awaiting an opinion.

## 2. LEGAL STANDARD

District courts have "the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00205 AG (KESx) | Date | August 28, 2017 |
|---|---|---|---|
| Title | REGINA MARTINEZ ET AL. v. SIRIUS XM RADIO, INC. ET AL. | | |

1892 (2016). And as the Supreme Court has long recognized, a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Consider *Landis v. North American Co.*, 299 U.S. 248 (1936). That case concerned the authority of a district judge to "stay proceedings" in one suit, pending the Supreme Court's decision in another. *Id.* at 249. Rather than place strict "limitations upon [the district court's] power" in such situations, the Court called for "moderation." *Id.* at 255. The Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. Any decision to stay, the Court said, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. Still, the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255.

Following the Supreme Court's lead, the Ninth Circuit has said that district courts must "weigh[]" various "competing interests" before granting a stay pending the resolution of another proceeding. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). Those factors may include "the possible damage which may result from the granting of a stay," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55).

### 3. ANALYSIS

Turning to the case at hand, Career Horizons, Inc. and Sykes Enterprises, Inc. argue that all "factors weigh in favor of issuing a stay." (Mot. to Stay, Dkt. No. 59 at 5.) For example, they assert, that a "stay would likely be brief"and would "simplif[y] the legal issues" in this case. (*Id.* at 5–6.) The Third-Party Defendants also suggest that this Court should follow the lead of numerous "other courts" and conclude that "a stay is appropriate when a TCPA claim presents issues similar to those pending in the *ACA International* litigation." (*Id.* at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00205 AG (KESx) | Date | August 28, 2017 |
|---|---|---|---|
| Title | REGINA MARTINEZ ET AL. v. SIRIUS XM RADIO, INC. ET AL. | | |

The Court disagrees. In *Amini v. AUS Mktg. Research Sys., Inc.*, No. SACV 15-01270 AG (JCGx), 2016 WL 7647690, at *2 (C.D. Cal. Feb. 26, 2016), this very Court denied a motion to stay pending the D.C. Circuit's decision in *ACA International*. Among other things, the Court stated that it was "far from clear" how the D.C. Circuit's ruling would impact the pending case. *Id.* at *3. Although the general definition of "automatic telephone dialing system" comes into play in many TCPA cases, the pertinent question is whether the distinction between *potential* and *present* capacity to dial random and sequential numbers is a "dispositive" issue. *Id.* Without more certainty that the D.C. Circuit's decision would actually resolve "particular and significant issues" in the pending litigation, this Court stated that it wouldn't "disrupt the ordinary progress" of a case. *Id.* Further, this Court pointed out that it wasn't clear when the D.C. Circuit's ruling would be handed down. Although the parties in that case speculated that a final decision would be issued no later than the end of 2016, the Court made clear that "issuing stays without a good sense of when an appellate court will resolve an issue heightens the risk of prejudice" to the non-moving parties. *Id.* The Court also reminded the parties that unnecessary delay stifles efforts to provide a "just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.

The Third-Party Defendants in this case haven't bothered to mention *Amini*. But as it turns out, many of this Court's concerns proved prophetic. For example, as 2017 nears a close, the D.C. Circuit still hasn't provided any guidance concerning the definition of "automatic telephone dialing system." And even if the D.C. Circuit were to issue a ruling soon, the specter of a petition for rehearing *en banc* or a writ of *certiorari* looms large. This Court remains unwilling to impose a stay "in light of such imponderables such as how and whether the D.C. Circuit will rule on a particular legal issue, whether the resolution of the issue will significantly impact the case, and when it will issue a decision." *See Amini*, 2016 WL 7647690, at *4. The Third-Party Defendants in this case haven't addressed the concerns discussed in *Amini* and, as such, the Court isn't persuaded to change course. In sum, the plaintiffs have invoked the "judicial Power of the United States" to resolve a dispute "arising under . . . the Laws of the United States," *see* U.S. Const. art. III, and the Third-Party Defendants in this case have failed to "make out a clear case of hardship or inequity in being required to go forward," *see Landis*, 299 U.S. at 255.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00205 AG (KESx) | Date | August 28, 2017 |
|---|---|---|---|
| Title | REGINA MARTINEZ ET AL. v. SIRIUS XM RADIO, INC. ET AL. | | |

### 4. DISPOSITION

For these reasons, the Court DENIES the motion to stay. (Dkt. Nos. 59, 73.)

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |